FILED
2007 Aug-20 AM 08:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

iROBOT CORPORATION,

    Plaintiff,

v.

ROBOTIC FX, INC.,

    Defendant.

Civil Action No.

CV-07-RRA-1511-S

## COMPLAINT

Plaintiff iRobot Corporation ("iRobot") states the following for its complaint against Robotic FX, Inc.

### THE PARTIES

1. iRobot Corporation is a Delaware corporation with its principal place of business in Burlington, Massachusetts.

2. On information and belief, Robotic FX, Inc. ("Robotic FX") is an Illinois corporation with its principal place of business in Worth, Illinois.

### JURISDICTION AND VENUE

3. This is an action arising under the patent laws of the United States, Title 35 of the United States Code. This court has jurisdiction over the subject matter of this action pursuant to at least 28 U.S.C. §§ 1331 and 1338.

4.  Upon information and belief, this Court has personal jurisdiction over the defendant because Robotic FX has done substantial business in this District, including business relating to the use, sale, and offer for sale of accused devices within this district.

5.  Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

6.  iRobot is a provider of robots that perform dull, dirty or dangerous missions in a better way. The company's proprietary technology incorporates advanced concepts in navigation, mobility, manipulation and artificial intelligence. This proprietary technology enables iRobot to build behavior-based robots, including its successful PackBot military robot.

7.  PackBot was the first ground robot ever to be used in combat by U.S. forces. In the spring of 2002, iRobot sent the first team of PackBot robots to clear caves in Afghanistan. The robots since have become critical companion tools for warfighters, allowing them to complete dangerous missions while keeping the warfighter out of harm's way. Today, iRobot PackBots are at work in theater conducting reconnaissance and identifying and disabling roadside bombs, the greatest mortal threat to U.S. forces abroad.

8.  Over the years, iRobot has invested significant financial and intellectual resources in inventing and improving sophisticated lifesaving technology. The PackBot robot is covered by multiple U.S. patents, including two patents covering inventions which contribute to the PackBot's exceptional mobility – a feature which is indispensable for the PackBot's utility, and which has contributed to the success of the product.

9.  On information and belief, Robotic FX has incorporated iRobot's patented technology in its own tactical robot, the Negotiator, and makes, uses, contributes to the use

by others, induces or encourages others to use, sells, and/or offers to sell tactical robots that infringe directly and/or indirectly iRobot's patents.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,263,989

10. The allegations of paragraphs 1-9 are incorporated as though set forth fully herein.

11. U.S. Patent No. 6,263,989 (the " '989 Patent"), entitled *Robotic Platform*, was duly and legally issued by the United States Patent Office on July 24, 2001, and is assigned to iRobot.

12. The '989 patent is valid and subsisting and is attached hereto as Exhibit A.

13. Upon information and belief, Robotic FX is infringing the '989 patent by making, using, contributing to the use by others, inducing or encouraging others to use, offering to sell, and/or selling devices that infringe directly and/or indirectly, one or more claims of the '989 patent and will continue to do so unless enjoined by this Court.

14. Upon information and belief, Robotic FX's infringement of the '989 Patent is continuing despite knowledge of the '989 patent making such infringement willful under 35 U.S.C. § 284. As a result of the acts of Robotic FX as charged in this Complaint, iRobot has, and will continue to suffer irreparable harm until Robotic FX is enjoined from further infringement by the Court.

## SECOND CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,431,296

15. The allegations of paragraphs 1-9 are incorporated as though set forth fully herein.

16. U.S. Patent No. 6,431,296 (the " '296 Patent"), entitled *Robotic Platform*, was duly and legally issued by the United States Patent Office on August 13, 2002 and is assigned to iRobot.

17. The '296 patent is valid and subsisting and is attached hereto as Exhibit B.

18. Upon information and belief, Robotic FX is infringing the '296 patent by making, using, contributing to the use by others, inducing or encouraging others to use, offering to sell, and/or selling devices that are used to infringe, directly and/or indirectly, one or more claims of the '296 patent and will continue to do so unless enjoined by this Court.

19. Upon information and belief, Robotic FX's infringement of the '296 patent is continuing despite knowledge of the '296 patent making such infringement willful under 35 U.S.C. § 284. As a result of the acts of Robotic FX as charged in this Complaint, iRobot has, and will continue to suffer irreparable harm until Robotic FX is enjoined from further infringement by the Court. .

## PRAYER FOR RELIEF

WHEREFORE, iRobot pray for the following relief:

A. That this Court enter judgment in iRobot's favor on each Count set forth above in this Complaint, including that Robotic FX has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of U.S. Patent Nos. 6,263,989 and 6,431,296;

B. That this Court preliminarily and permanently enjoin Robotic FX, its agents and employees and any others acting in concert with it, from infringing, inducing the infringement of, or contributing to the infringement of U.S. Patent Nos. 6,263,989 and 6,431,296;

  C. That this Court Order Robotic FX to deliver to iRobot for destruction, all infringing products in its possession;

  D. That this Court award iRobot its damages resulting from Robotic FX's infringement, including lost profits;

  E. That this Court award iRobot treble damages as a result of Robotic FX's willful misconduct;

  F. That this Court declare this case an exceptional case pursuant to 35 U.S.C. § 285;

  G. That this Court award iRobot its costs and attorneys' fees and such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

  iRobot hereby demands a trial by jury on all claims and issues so triable.

           Respectfully submitted,

           */s/ James R. Pratt III*
           James R. Pratt III (ASB-3333-A61J)
           Attorney for Plaintiff

**OF COUNSEL:**
Hare, Wynn, Newell & Newton, LLP
2025 Third Avenue North, Suite 800
Birmingham, AL 35023
Ph: (205) 328-5330
jim@hwnn.com

and

Thomas L. Halkowski
Fish & Richardson, PC
919 N. Market Street
Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
Ph:  (302) 652-5070
halkowski@fr.com

Ruffin Cordell
Fish & Richardson, PC
1425 K. Street NW
Suite 1100
Washington, DC  20005
Ph:  (202) 783-5070


**Please serve defendant by certified mail as follows:**
Robotic, FX, Inc.
c/o Illinois Corporation Service C, registered agent
801 Adlai Stevenson Drive
Springfield, IL 62703