IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

iROBOT CORPORATION,

        Plaintiff,

v.

ROBOTIC FX, INC.,

        Defendant.

C. A. No. 2:07-cv-1511-RRA

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

      Plaintiff iRobot Corporation ("iRobot" or "Plaintiff") filed its Complaint on August 17, 2007 against Defendant Robotic FX, Inc. ("Robotic FX" or "Defendant"). The Complaint set forth claims against Robotic FX for willful infringement of United States Patent Nos. 6,263,989 and 6,431,296.

      On December 21, 2007, iRobot and Defendant entered into a Settlement Agreement to resolve this action.

      NOW THEREFORE, iRobot and Robotic FX, having entered into the Settlement Agreement and consented to judgment as follows, IT IS ORDERED, ADJUDGED AND DECREED THAT:

      1.    This Court has jurisdiction over the parties and subject matter hereto, and venue is proper in this District.

2. iRobot is the owner of all right, title and interest in and to:

a. United States Patent No. 6,263,989 (the '989 Patent), entitled "Robotic Platform"; and

b. United States Patent No. 6,431,296 (the '296 Patent), entitled "Robotic Platform" (collectively, the '989 Patent and the '296 Patent are hereinafter referred to as the "Patents-In-Suit");

3. Robotic FX has infringed the claims of the Patents-in-Suit by making, having made, using and/or selling its Negotiator robot. Robotic FX knew of the existence and scope of at least one of the Patents-In-Suit. Robotic FX's infringement has been willful and objectively reckless.

4. Robotic FX acknowledges that all of the claims of the Patents-In-Suit are valid and enforceable for all purposes, including any other action for infringement of the Patents-In-Suit even though the product or products alleged to infringe may be different. Robotic FX agrees not to assert any affirmative defense to patent infringement including, without limitation, non-infringement, laches, estoppel, non-joinder, mis-joinder or patent misuse, in any action to enforce the terms of this Stipulated Consent Judgment and Permanent Injunction. Furthermore, Robotic FX agrees not to challenge the Patents-In-Suit by initiating or participating in a reexamination or post grant opposition proceedings before the United States Patent and Trademark Office ("USPTO"). Further, Robotic FX agrees not to request the stay of any enforcement of this Stipulated Consent Judgment and Permanent Injunction pending the resolution of any administrative or regulatory proceeding, including without limitation, proceedings before the USPTO or the International Trade Commission.

5. This Stipulated Consent Judgment and Permanent Injunction is a final adjudication on the merits.

6. Notwithstanding any provision(s) to the contrary in paragraphs 1 through 5 *supra*, the terms of this Stipulated Consent Order and Permanent Injunction shall apply until the date upon which the Patents-In-Suit expire or every claim is declared invalid or unenforceable by a decision of a court or other government agency of competent jurisdiction, unappealable or unappealed within the time allowed for appeal.

7. As of the date of this Order, Robotic FX and its officers, directors, owners, agents, servants, representatives, employees, assigns and successors, and all persons in active concert or participation with Robotic FX, shall be and are hereby permanently enjoined and restrained from making, using, selling, or offering to sell any goods that in any way infringe, either literally or under the doctrine of equivalents, contributorily infringing or inducing the infringement of the Patents-In-Suit, throughout the United States or importing such infringing goods into the United States.  The customers expressly set forth on Exhibit A hereto, however, are not permanently enjoined from using the Negotiator product.

8. Judgment is hereby entered in favor of Plaintiff iRobot on all counts of the Complaint.

9. This Court retains jurisdiction over this Stipulated Consent Judgment and Permanent Injunction and any applications with regard to enforcement of this Stipulated Consent Judgment and Permanent Injunction shall be directed to this Court.

10. Subject to compliance with this Order and the Settlement Agreement, iRobot releases Robotic FX, its directors, agents, employees, attorneys, trustees,

representatives, parents, subsidiaries, affiliates, predecessors, successors, insurers, and named customers expressly set forth on Exhibit A hereto, and any and all persons in privity with them or any of them, from all actions, causes of action, claims, counterclaims, cross-claims or third-party claims, which iRobot ever had from the beginning of the world to the Effective Date of the Settlement Agreement.  iRobot does not agree to release any of Defendant's customers that are not expressly disclosed on Exhibit A hereto.

11. Robotic FX releases iRobot, and forever discharges iRobot, its directors, agents, employees, attorneys, trustees, representatives, parents, subsidiaries, affiliates, predecessors, successors, insurers, customers and assigns, and any and all persons in privity with them or any of them, from all actions, causes of action, claims, counterclaims, cross-claims or third-party claims, which Robotic FX ever had from the beginning of the world to the Effective Date of the Settlement Agreement.

12. If Robotic FX violates any term of this Stipulated Consent Judgment and Permanent Injunction and fails to cure such violation within thirty (30) days after receipt of notice of the violation, Robotic FX shall be liable for and pay to iRobot its reasonable attorneys' fees incurred in connection with any successful application to this Court for enforcement of this Stipulated Consent Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

DONE and ORDERED this 21st day of December, 2007.

_/s/ Robert R. Armstrong_
Robert R. Armstrong, Jr.
United States Magistrate Judge